**DYKEMA GOSSETT LLP**
JOHN M. THOMAS, SBN: 266842
jthomas@dykema.com
TAMARA A. BUSH, SBN: 197153
tbush@dykema.com
FRED J. FRESARD (*Pro Hac Vice*)
ffresard@dykema.com
KRISTA L. LENART (*Pro Hac Vice*)
klenart@dykema.com
JANET CONIGLIARO (*Pro Hac Vice*)
jconigliaro@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**ORRICK**
NORMAN HILE, SBN: 57299
nhile@orrick.com
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497

Attorneys For Defendant
FORD MOTOR CO.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MARGIE DANIEL, ROBERT McCABE, MARY HAUSER, DONNA GLASS, and ANDREA DUARTE, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 2:11-cv-02890-WBS –EFB<br><br>Honorable William B. Shubb<br><br>**BRIEF IN SUPPORT OF FORD MOTOR COMPANY'S MOTION FOR SANCTIONS**<br><br>Date: August 8, 2016<br>Time: 1:30 p.m.<br>Courtroom: 5 |

BRIEF IN SUPPORT OF FORD MOTOR COMPANY'S MOTION FOR SANCTIONS

## **TABLE OF CONTENTS**

**Page**

## **CONTENTS**

Introduction ........................................................................................................................... 1

Facts Underlying the Motion ................................................................................................ 1

Argument .............................................................................................................................. 3

    **I.**    Sanctions Are Warranted As A Result of Plaintiff's Spoliation of Tires Removed From Her Vehicle During The Pendency of the Litigation. ........................ 3

        A.    Applicable Standards. ................................................................................... 3

        B.    Plaintiff's Duty To Preserve Evidence Was Triggered No Later Than The Filing Of This Lawsuit On November 2, 2011 ........................................ 4

        C.    The Tires Plaintiff Spoliated During The Pendency Of The Litigation Were Highly Relevant. ................................................................................. 4

        D.    Plaintiff Acted With A Culpable State of Mind In Failing To Preserve Her Tires. ...................................................................................................... 6

        E.    Ford Suffered Prejudice As A Result Of Plaintiffs' Spoliation. .................... 7

    **II.**   The Appropriate Sanctions For Plaintiff's Spoliation Are A Finding That A Fact Has Been Established And Exclusion Of Evidence and Testimony That Pertains To Or Is Based On Plaintiff's First Three Sets of Tires. ............................ 7

        A.    Applicable Standards. ................................................................................... 7

        B.    Although Dismissal May Be Warranted Here, Ford Seeks The Lesser Sanctions of an Order Establishing A Fact and Exclusion of Certain Evidence. ...................................................................................................... 8

Conclusion .......................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anheuser-Busch, Inc. v. Natural Beverage Distribs.*,
   69 F.3d 337 (9th Cir. 1995) ............................................................................................4, 7, 8

*Apple Inc. v. Samsung Elecs. Co.*,
   888 F. Supp. 2d 976 (N.D. Cal. 2012) .......................................................................................4

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   881 F. Supp. 2d 1132 (N.D. Cal. 2012) ........................................................................8, 9, 10

*Doyle v. Chrysler Group LLC*,
   No. SACV 13-00620 JVS (ANx), 2014 U.S. Dist. LEXIS 181177, at *6-7
   (C.D. Cal. Oct. 9, 2014) ..........................................................................................4, 5, 11

*Glover v. BIC Corp.*,
   6 F.3d 1318 (9th Cir. 1993) .................................................................................................3, 11

*Leon v. IDX Sys. Corp.*,
   464 F.3d 951 (9th Cir. 2006) ...........................................................................................6, 7, 11

*Olney v. Job.com*,
   No. 1:12-cv-01724-LJO-SKO, 2014 U.S. Dist. LEXIS 152140
   (E.D. Cal. Oct. 24, 2014) .......................................................................................................4, 9

*Peschel v. City of Missoula*,
   664 F. Supp. 2d 1137 (D. Mont. 2009) .......................................................................................8

*Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*,
   982 F.2d 363 (9th Cir. 1992) .................................................................................................6, 10

*Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*,
   2013 U.S. Dist. LEXIS 169014 (S.D. Cal. Nov. 25, 2013) .......................................................7

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CA 90071

# INTRODUCTION

This motion for sanctions arises from the fact that the sole remaining named Plaintiff, Margie Daniel, failed to preserve tires removed from her vehicle in the midst of this litigation—litigation in which Ms. Daniel alleges that her vehicle suffers from a rear suspension defect, the sole manifestation of which is premature inboard edge rear *tire wear*. This alleged tire wear also forms the sole basis for Plaintiff's claim that the defect presents a safety issue that gave rise to Ford's alleged duty to disclose the defect to consumers. Although Plaintiff plans to rely on expert testimony regarding her vehicle's tire wear, Plaintiff has produced for inspection *only one out of the four sets of tires* that have been on Plaintiff's vehicle during the pendency of this litigation, and Plaintiff has spoliated at least two of those sets.

Plaintiff's spoliation is egregious for several reasons. First, it deprived Ford of key evidence that may very well have supported Ford's position that there is no rear suspension defect in Ms. Daniel's vehicle that causes the premature inboard edge rear tire wear Plaintiff alleges. Second, Plaintiff was well aware of her obligation to preserve evidence at the time of the spoliation—the 2014 spoliation took place *after* Plaintiff's own expert witness testified to the importance of the Named Plaintiffs retaining tires removed from their vehicles and producing them for inspection, and *after* Ford raised in its summary judgment briefing the fact that Plaintiff spoliated another set of tires in 2011, after the litigation was filed.

For the reasons set forth below, Ford's motion for sanctions should be granted.

# FACTS UNDERLYING THE MOTION

Plaintiffs Margie Daniel, Andrea Duarte, Robert McCabe, Donna Glass, and Mary Hauser filed this lawsuit on November 2, 2011. Plaintiffs allege that all 2005-2011 model year Ford Focus vehicles suffer from a defect in the rear suspension, the only alleged manifestation of which is premature inboard edge rear tire wear. The alleged tire wear is the sole basis for Plaintiffs' claim that the alleged defect presents a safety issue and was therefore a material fact that Ford was required to disclose to consumers.

Before filing her lawsuit, Ms. Daniel's attorneys apparently instructed her to inspect the tires on her 2011 Ford Focus vehicle, which were the original tires supplied with the vehicle when she

1

purchased it new. (ECF Dkt. 47-9, Daniel Dep. at 139:22-140:15.) Two days after she filed this lawsuit, Ms. Daniel had all four tires on her vehicle replaced. (ECF Dkt. 33-6, Lepper Report, at p. 10). She did not retain the tires that were removed from the vehicle.

Ms. Daniel's expert witness Thomas Lepper inspected her vehicle on July 9, 2012. Based on his inspection of the tires on her vehicle (and three vehicles owned by former Named Plaintiffs), he concluded that all Ford Focus vehicles he inspected have "a geometry problem that manifests itself as accelerated wear on the inner tread row of the rear tires." (ECF Dkt. 33-6, Lepper Report at p. 3.) In February 2013, the tires were removed from Ms. Daniel's vehicle and sent to Ford's expert witness Thomas Giapponi for examination. A new set of tires was put on her vehicle.

Plaintiff's own expert witness recognized in his deposition how important it was for Plaintiffs to retain their tires and make them available for inspection. Mr. Lepper testified as follows with regard to former Named Plaintiff Mary Hauser's failure to retain a set of tires removed from her vehicle during the pendency of the litigation:

```
 9  Q   So Ms. Hauser had replaced all four of
10  her tires between the time you inspected the
11  vehicle and the time Ford inspected the vehicle?
12      A   Yes.
13      Q   Okay. At any time in this case, did you
14  ask that the tires on the plaintiffs' vehicles be
15  preserved in any way?
16      A   Not before this.
17      Q   All right. When you say not before this,
18  what do you mean?
19      A   Well, when I found out she changed tires,
20  I called and said, hey, make sure no one else does
21  that. Or if they want to, I need the old tires.
```

(Conligliaro Decl., Ex. 3, Lepper Dep., at 174:9-21.)[1]

In its motion for summary judgment, Ford raised the spoliation issue, noting that both Ms. Daniel and Ms. Hauser had failed to preserve tires removed from their vehicles during the litigation. (Ford's Summary Judgment Brief, ECF Dkt. 39-2, at 37:26-38:13 and 47:23-48:7.) Plaintiff's counsel conceded that Plaintiffs could not rely on evidence pertaining to tires that had been

---

[1] The Fresard and Conigliaro declarations referenced herein accompany Ford's contemporaneously-filed Opposition to Plaintiffs' Renewed Motion for Class Certification.

2

BRIEF IN SUPPORT OF FORD MOTOR COMPANY'S MOTION FOR SANCTIONS

spoliated. (Plaintiffs' Opposition to Summary Judgment Motion, ECF Dkt. 58, at n8 and n9).

Following remand from the Ninth Circuit, on June 8, 2016, before Plaintiffs filed their renewed motion for class certification, Ford's counsel contacted Plaintiff's counsel to request that the sole remaining named Plaintiff, Margie Daniel, provide updated service records for her vehicle. Ford's counsel also asked whether Ms. Daniel had preserved any tires that had been removed from her vehicle since Ford's inspection. (Fresard Decl., Ex. 1, Email correspondence.) Ford's counsel reiterated these requests on June 21, 2016 and again on June 30, 2016. (*Id.*) On July 6, 2016, Plaintiff's counsel confirmed that Ms. Daniel had replaced the tires on her vehicle during the pendency of the appeal, but Plaintiffs had failed to preserve the tires that were removed from her vehicle. (Fresard Decl. ¶ 3.) According to records produced by Plaintiff on July 6, her tires were replaced on December 27, 2014. (Conigliaro Decl., Ex. 7, Tire Replacement Records.)[2]

In late June 2016, Ford learned through independent investigation that former Named Plaintiffs Hauser, Glass, and Duarte had sold their vehicles at various times while the appeal in this matter was pending. Apparently none of the former Named Plaintiffs preserved the tires that were on their vehicles at the time of sale.

**ARGUMENT**

**I. Sanctions Are Warranted As A Result of Plaintiff's Spoliation of Tires Removed From Her Vehicle During The Pendency of the Litigation.**

**A. Applicable Standards.**

"A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). To determine whether spoliation sanctions are warranted, district courts in the Ninth Circuit consider the following factors:

> (1) when Plaintiff's duty to preserve evidence was triggered; (2) whether relevant evidence was destroyed or altered by Plaintiff after the duty was triggered; and (3) whether Plaintiff acted with a culpable state of mind in destroying or altering relevant evidence.

---

[2] The mileage at which these tires were replaced is unknown, since the mileage identified on the invoice is clearly inaccurate.

3

BRIEF IN SUPPORT OF FORD MOTOR COMPANY'S MOTION FOR SANCTIONS

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CA 90071

*Olney v. Job.com*, No. 1:12-cv-01724-LJO-SKO, 2014 U.S. Dist. LEXIS 152140, at *29 (E.D. Cal. Oct. 24, 2014) (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)).

Courts also consider the extent to which the non-spoliating party has been prejudiced by the destruction of evidence. *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 993 (N.D. Cal. 2012) ("*Apple II*"). The Ninth Circuit has refused to hold that a showing of prejudice is required, however, even to warrant the extreme sanction of dismissal. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 353 (9th Cir. 1995).

### B. Plaintiff's Duty To Preserve Evidence Was Triggered No Later Than The Filing Of This Lawsuit On November 2, 2011.

Ms. Daniel contacted an attorney about tire wear in her Focus vehicle in October 2011, and inspected her tires at her attorneys' request in mid-October 2011. (ECF Dkt. 47-9, Daniel Dep. at 84:5-85:8, 139:25-140:15.) While Ms. Daniel likely had a duty to preserve evidence throughout this period, the latest possible date on which her duty arose was November 2, 2011, the date on which she filed this lawsuit. *See Doyle v. Chrysler Group LLC*, No. SACV 13-00620 JVS (ANx), 2014 U.S. Dist. LEXIS 181177, at *6-7 (C.D. Cal. Oct. 9, 2014) (granting motion for sanctions where named plaintiff sold her allegedly defective vehicle after she contacted an attorney but before the attorney was retained); *see also Olney*, 2014 U.S. Dist. LEXIS 152140, at *31 ("Litigants have an obligation to preserve potentially relevant evidence from the moment that litigation is reasonably anticipated.").

Ms. Daniel's duty to preserve evidence was therefore well in effect by the time she disposed of the sets of tires at issue, which were removed from her vehicle on November 4, 2011, and December 27, 2014, after the Complaint was filed.

### C. The Tires Plaintiff Spoliated During The Pendency Of The Litigation Were Highly Relevant.

There is no question that by failing to preserve the sets of tires removed from her vehicle in November 2011 and again in December 2014, Plaintiff destroyed relevant evidence. Plaintiff's own tire wear expert conceded that the single set of tires Plaintiff did produce for inspection showed no evidence of inner edge rear tire wear. (Lepper Dep. at 185:25-186:3.) The two sets of tires that

4

Plaintiff failed to preserve may well have demonstrated a similar absence of that tire wear, meaning that Ford would have been able to present the jury with evidence that *none of the first three sets of Plaintiff's tires exhibited the tire wear that Plaintiff claims is the sole manifestation of the rear suspension defect.* This evidence would have supported several of Ford's arguments, including that (1) there is no "rear suspension defect" that caused premature inboard edge rear tire wear in Plaintiff's vehicle; (2) Plaintiff did not suffer a malfunction or failure caused by the alleged defect; (3) the alleged defect is not substantially certain to manifest in the putative class vehicles; and (4) the alleged defect does not present a safety issue because it does not cause the tire wear Plaintiff alleges. Ford also could have used this evidence to demonstrate that to the extent Plaintiff's experts concluded that the one set of tires that was produced for inspection did demonstrate tire wear allegedly caused by a rear suspension defect, their conclusions were incorrect, as demonstrated by the lack of such wear on the first and third sets of tires.

Plaintiff's own filings concede the relevance of evidence regarding tire wear in Ms. Daniel's vehicle. Plaintiff's class certification motion states her intent to present testimony from Mr. Lepper, an expert in "suspension alignment and vehicle dynamics in relation to the *tire wear*" (Conligliaro Decl. Ex. 3, Lepper Dep., at 11:22-25) (emphasis added), who relied on inspections of tires on Ms. Daniel's vehicle and testified to the importance of the Named Plaintiffs retaining their tires and producing them for inspection. (*Id.* at 174:9-21.) And the subject of Mr. Lepper's opinions is Ms. Daniel's tire wear—he intends to opine that "the problems experienced by Plaintiff's vehicle are consistent with the design defect identified by the other experts" (Class Cert Motion, ECF Dkt. 111, at 10:23-26.) Further, Plaintiff's initial disclosures assert that Ms. Daniel possesses discoverable information regarding "[t]he problems caused by defects in alignment *and resulting premature tire wear* in her Ford Focus vehicle, her response to such problems (including but not limited to the replacement of vehicle tires), and the responses of Ford and its authorized dealers to such problems." (Conigliaro Decl., Ex. 10.). Plaintiff can therefore make no plausible argument that the spoliated evidence of Plaintiff's tire wear is not relevant to this litigation. *See Doyle*, 2014 U.S. Dist. LEXIS 181177, at *7 ("When one is contemplating making a claim that a vehicle is defective, it takes no special training or particular sophistication to recognize the potential relevance of that

5

vehicle as evidence of one's claim.").

### D. Plaintiff Acted With A Culpable State of Mind In Failing To Preserve Her Tires.

A finding of bad faith is not required for the Court to impose sanctions for spoliation. *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 n2 (9th Cir. 1992) ("This court has . . . confirmed the power of the district court to sanction under its inherent powers not only for bad faith, but also for willfulness or fault by the offending party."). "A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were *potentially* relevant to the litigation before they were destroyed.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)).

Margie Daniel's failure to retain her tires constitutes willful spoliation because she had ample notice at the time of the spoliation that her tires were highly relevant to *this litigation that she filed alleging that her vehicle suffers from a defect that causes premature tire wear*. Evidence of notice includes not only her knowledge of the general subject matter of this lawsuit, but also the following facts: (1) her counsel asked her to photograph her tires before the litigation was filed; (2) sets of tires from her vehicle were inspected by her own expert witnesses as well as by Ford's expert, and her experts relied on those inspections in forming their opinions; (3) during discovery, her expert witness Thomas Lepper testified to the importance of Plaintiffs retaining their tires and producing them for inspection; (4) Plaintiff's initial disclosures indicate that Ms. Daniel possesses discoverable information regarding tire wear and tire replacements in her vehicle and (5) in its 2013 summary judgment briefing, Ford raised the issue of Plaintiffs Daniel and Hauser's failure to preserve earlier sets of tires from their vehicles. That Plaintiff acted with a "culpable state of mind" is thus evidenced by the fact that by the time of her 2014 spoliation, Plaintiff was on notice of not only the fact that her tires were relevant to this litigation, but also of the fact that her own expert— and Ford—had expressed concern regarding Plaintiffs' failure to retain tires removed during the litigation.

### E. Ford Suffered Prejudice As A Result Of Plaintiffs' Spoliation.

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Anheuser-Busch, Inc.*, 69 F.3d at 353-54 (internal quotation marks and citations omitted). Prejudice occurs when a party's actions force the non-spoiling party "to rely on incomplete and spotty evidence" at trial." *Leon*, 464 F.3d at 959 (citations omitted). Upon a showing of spoliation, "the burden of proof shifts to the guilty party to show that no prejudice resulted from the spoliation, because that party 'is in a much better position to show what was destroyed and should not be able to benefit from its wrongdoing.'" *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, 2013 U.S. Dist. LEXIS 169014, *25 (S.D. Cal. Nov. 25, 2013) (quoting *Apple II*, 888 F. Supp. 2d at 998).

Here, Plaintiff's failure to retain her tires impairs Ford's ability to go to trial and interferes with the rightful decision of the case because it forces Ford "to rely on incomplete and spotty evidence" regarding the tire wear that is the only alleged manifestation of the rear suspension defect alleged in this case. By disposing of two of the four sets of tires that have been on her vehicle during the litigation, Plaintiff has deprived Ford of evidence that as set forth in the relevance section above, could have affirmatively supported Ford's defenses and allowed Ford to rebut conclusions drawn by Plaintiff's expert witnesses based on their inspection of the single set of tires produced for inspection. But Ford's ability to establish these points have been compromised by Plaintiff's spoliation of evidence. Sanctions are therefore warranted.

## II. The Appropriate Sanctions For Plaintiff's Spoliation Are A Finding That A Fact Has Been Established And Exclusion Of Evidence and Testimony That Pertains To Or Is Based On Plaintiff's First Three Sets of Tires.

### A. Applicable Standards.

District courts have discretion to impose a wide variety of sanctions as a result of spoliation. Available sanctions include the ability to dismiss an action or claim or prohibit a party from supporting certain claims, as well as the power to:

> (1) exclude evidence, including spoiled evidence; (2) admit evidence of the circumstances of the destruction or spoliation; or (3) instruct the jury that it may infer that the spoiled or destroyed evidence would

7

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CA 90071

> have been unfavorable to the responsible party. *Glover*, 6 F.3d at 1329. In the exercise of its inherent power, a court may also look to Fed. R. Civ. P. 37(b)(2)(A) for guidance as to other alternative sanctions such as directing "designated facts be taken as established for purposes of the action[.]" Fed. R. Civ. P. 37(b)(2)(A)(i).

*Peschel v. City of Missoula*, 664 F. Supp. 2d 1137, 1142 (D. Mont. 2009). To determine whether dismissal is an appropriate sanction for spoliation, a district court must weigh several factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Anheuser-Busch, Inc.*, 69 F.3d at 348.

While a trial court has broad discretion to determine the appropriate form of a spoliation sanction,

> The court's discretion is not . . . without its limits. Courts must weigh several factors when deciding which type of sanction to impose on a spoliator. Any remedy applied to a spoliator should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been absent the wrongful destruction of evidence by the opposing party. Sanctions under these inherent powers must be exercised with restraint and should be appropriate to the conduct that triggered the sanction.

*Apple Inc. v. Samsung Elecs. Co., Ltd.*, 881 F. Supp. 2d 1132, 1135 (N.D. Cal. 2012)(internal citations omitted).

**B.    Although Dismissal May Be Warranted Here, Ford Seeks The Lesser Sanctions of an Order Establishing A Fact and Exclusion of Certain Evidence.**

Given the prejudice Ford has suffered as a result of Plaintiff's spoliation, and given that Plaintiff repeatedly engaged in spoliation, even *after* her own expert testified to the importance of retaining tires and *after* Ford raised Plaintiff's prior spoliation in its summary judgment briefing, dismissal may very well be an appropriate sanction in this case.

Ford nonetheless requests that the Court impose lesser sanctions. Specifically, Ford requests that the Court (1) order that it be taken as established that the tires on Margie Daniel's vehicle did not exhibit premature inboard edge rear tire wear at any time prior to her vehicle's current mileage,

8

and (2) preclude Plaintiff from introducing at trial any expert testimony or evidence that pertains to or is based on tire wear allegedly observed on the first three sets of tires that were on Ms. Daniel's vehicle.

### 1. Establishment of a Fact is an Appropriate Sanction.

As an alternative to dismissal, courts have the power to order that certain facts be taken as established as a sanction for spoliation. *Olney*, 2014 U.S. Dist. LEXIS 152140, at *44. *See also Apple Inc.*, 881 F. Supp. 2d at 1150 ("when a spoliating party has acted willfully or in bad faith, the jury can be instructed that certain facts are deemed admitted and must be accepted as true.").

Given Plaintiff's willful spoliation, the appropriate sanction here is an order directing that it be taken as established that the tires on Plaintiff Margie Daniel's vehicle did not exhibit premature inboard edge rear tire wear at any time prior to her vehicle's current mileage. This sanction is appropriate because by failing to preserve her first and third sets of tires, Plaintiff deprived Ford of evidence that may very well have shown an absence of the tire wear that Plaintiffs claim is the only manifestation of the alleged defect. As set forth above, Ford could have used this affirmative evidence to support its positions in this case, including that there is no defect in Ms. Daniel's vehicle that causes the premature inboard edge rear tire wear Plaintiff alleges. Ford also could have used this evidence to rebut any argument that the single set of tires that was produced for inspection did demonstrate the tire wear Plaintiff claims is caused by the defect. Because Plaintiff's spoliation has compromised Ford's ability to rebut any evidence presented by Plaintiff regarding the second set of tires—the one set that was produced for inspection—the instruction should cover all sets of tires up to the set that is currently on her vehicle.[3]

This order is necessary to serve the purpose of deterring spoliation, because absent the order, Plaintiff will benefit from her spoliation by limiting the evidence available to Ford to affirmatively prove its position and to rebut Plaintiff's arguments and evidence on the issue of whether Plaintiff's

---

[3] This requested sanction assumes that the fourth set of tires that were put on Ms. Daniel's vehicle in December 2014 have been preserved and will be made available for inspection. If those tires have been spoliated as well, the order should find as established that the tires on Ms. Daniel's vehicle did not exhibit premature inboard edge rear tire wear at any time.

9

BRIEF IN SUPPORT OF FORD MOTOR COMPANY'S MOTION FOR SANCTIONS

vehicle has exhibited tire wear attributable to an alleged rear suspension defect. Plaintiff cannot be permitted to unilaterally choose which snapshots of tire wear she chooses to destroy and which she chooses to preserve and make available to Ford for inspection. Such spoliation would, in the absence of the requested order, force Ford to proceed to trial on "incomplete and spotty evidence" on the issue of Plaintiff's tire wear. The requested order would also shift the risk of an erroneous judgment on the tire wear issue to the party that spoliated evidence regarding this issue, so the sanction is "appropriate to the conduct that triggered the sanction." *Apple Inc.*, 881 F. Supp. 2d at 1135. And the requested order comes as close as possible to restoring Ford to the position in which it would have been absent the spoliation, since the true content of the spoliated evidence cannot be known.[4]

         2.    <u>Exclusion of Expert Testimony And Other Evidence Is Also Necessary To Prevent Ford From Suffering Further Prejudice Due To The Spoliation.</u>

Where spoliation has occurred, courts have the inherent power to exclude evidence that, if allowed, would "unfairly prejudice [the non-spoliating party] and thus preclude the court's ability to conduct a fair trial." *Unigard Sec. Ins. Co.*, 982 F.2d at 368. In this case, Plaintiff should be precluded from presenting any testimony (including expert testimony) or evidence regarding or based upon tire wear allegedly observed on the first three sets of tires that were on Ms. Daniel's vehicle.[5] By spoliating two out of those three sets of tires, Plaintiff has severely limited Ford's ability to rebut any such evidence or expert opinions. As set forth above, the sets of tires that were not preserved may very well have demonstrated an absence of the type of tire wear allegedly caused

---

[4] In the alternative, if the Court is not willing to find this fact established as to all three sets of tires that were on Plaintiff's vehicle prior to the present date, the Court should at least find this fact to be established as to the first and third sets of tires, both of which were spoliated by Plaintiff after the litigation was filed. Ford believes this limited sanction is not sufficient to remedy Ford's prejudice, given that (as stated above) Plaintiff's spoliation has compromised Ford's ability to rebut any evidence Plaintiff introduces regarding alleged tire wear on the second set of tires, but it would at least mitigate some of the prejudice Ford has suffered.

[5] Again, this requested sanction assumes that the set of tires put on Ms. Daniel's vehicle in December 2014 have been retained and can be inspected. If those tires have been spoliated as well, Ms. Daniel should be precluded from presenting any expert testimony regarding or based upon *any* tire wear allegedly observed on Ms. Daniel's vehicle.

10

BRIEF IN SUPPORT OF FORD MOTOR COMPANY'S MOTION FOR SANCTIONS

1 by the alleged defect, or they may have demonstrated changes in tire wear patterns over time.
2 Based on that evidence, a reasonable trier of fact could have concluded that despite Plaintiff's
3 experts' opinions or other evidence presented, the tire wear observed on the only set of tires that
4 were produced for inspection was also not caused by the alleged defect.[6] To mitigate this prejudice,
5 Plaintiff must be precluded from introducing any evidence regarding tire wear allegedly observed
6 on the first three sets of tires on Ms. Daniel's vehicle.

### 3. At The Very Least, An Adverse Inference Jury Instruction Is Warranted.

Even if the Court determines that other sanctions are not warranted, Ford is at the very least entitled to an instruction at trial permitting the jury to draw an adverse inference from the spoliation against the Plaintiffs. A finding of bad faith is "not a prerequisite for this corrective procedure. Surely a finding of bad faith will suffice, but so will simple notice of 'potential relevance to the litigation.'" *Glover*, 6 F.3d at 1329 (quoting *Akiona v. United States*, 938 F.2d 158 (9th Cir. 1991)) (internal citations omitted). *See also Doyle*, 2014 U.S. Dist. LEXIS 181177, at *7 ("no bad faith is required in order for the Court to impose the least severe evidentiary sanction of instructing a jury that it may make an adverse inference as a result of [plaintiff's] sale of the vehicle.").

An adverse inference instruction is not the most appropriate sanction in this case because as in other cases involving complete destruction of evidence, Ford will be "helpless to rebut any material that Plaintiff might use to overcome the presumption." *Leon*, 464 F.3d at 960.

Nonetheless, to the extent the Court finds that more severe sanctions are inappropriate, some sanction is required in order to serve the purpose of deterrence and to attempt to mitigate the prejudice Ford has suffered as a result of Plaintiff's spoliation. If it is unwilling to impose other sanctions, the Court should order that the jury be instructed that it may infer or presume that the first

---

[6] It is unclear whether Plaintiffs intend to rely at trial on any evidence regarding tire wear Plaintiff's experts claim to have observed on the vehicles of former named Plaintiffs Duarte, Glass, and Hauser. Plaintiffs' experts Thomas Lepper and Andrew Webb based their opinions on their inspections of all four vehicles, and Plaintiff has not suggested that they intend to limit those opinions in any manner. To the extent Plaintiff—or her experts—seek to rely at trial on any evidence of tire wear in the vehicles of Duarte, Glass and Hauser, the sanctions must be expanded accordingly, since Plaintiffs failed to retain the tires that were on those vehicles at the time they were sold.

11

and third sets of tires on Margie Daniel's vehicle did not exhibit the tire wear alleged to be caused by the defect in this case. This instruction is clearly warranted given that, as set forth above, Plaintiff was well aware that the tires she failed to retain were highly relevant to the litigation she brought alleging a defect claimed to cause premature tire wear.

## CONCLUSION

Ford respectfully requests that the Court grant its motion for sanctions.

Dated: July 22, 2016

Respectfully Submitted,

DYKEMA GOSSETT PLLC

By: /s/ John M. Thomas
John M. Thomas
jthomas@dykema.com
Attorneys for Defendant