UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| MARGIE DANIEL, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>  v.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>        Defendant. | CIV. NO. 2:11-02890 WBS EFB<br><br>ORDER RE: MOTION FOR SANCTIONS |
|---|---|

----oo0oo----

        Plaintiff Margie Daniel brought this action against defendant Ford Motor Company alleging a defect in rear suspension geometry in new 2005 through 2011 Ford Focus vehicles.  Presently before the court is defendant's motion for sanctions.  (Def.'s Mot. for Sanctions ("Def.'s Mot.") (Docket No. 115).)

        Defendant alleges that plaintiff destroyed evidence by removing and discarding two out of the four sets of tires that

1

have been on her Focus during the pendency of this litigation. (Id. at 1.)  Plaintiff removed the first set of tires on November 4, 2011, two days after she filed this lawsuit.  (Pl.'s Mot. for Class Certification ("Pl.'s Mot.") Ex. NN, Op. Report of Thomas Lepper at 10 (Docket No. 33-6).)  She did not retain that set and defendant did not inspect it.  (Def.'s Mot., Br. at 2 (Docket No. 115-1).)  She removed her second set in February 2013 after experts for both parties had inspected that set.  (Id.)  Defendant stated at oral argument that the second set is preserved.  Plaintiff removed her third set on December 27, 2014.  (Def.'s Opp'n to Pl.'s Renewed Mot. for Class Certification, Decl. of Janet Conigliaro Ex. 7, Vehicle Service Records (Docket No. 114-10).)  She did not retain that set and defendant did not inspect it.  (Def.'s Br. at 4.)  Plaintiff's fourth set is currently on her vehicle.  (Pl.'s Opp'n at 6 (Docket No. 118.))

   Plaintiff concedes that she spoliated the first and third sets of tires and claims "that her failure to retain the tires was . . . innocent [and] accidental."  (Id. at 4.)  Defendant stated at oral argument that it currently has access to plaintiff's second and fourth sets of tires.

   Defendant's proposed remedy is that it be taken as established that the tires "did not exhibit premature inboard edge rear tire wear at any time prior to [plaintiff's] vehicle's current mileage."  (Def.'s Br. at 9.)  In the alternative, defendant asks that the court "preclude Plaintiff from introducing at trial any expert testimony or evidence that pertains to or is based on tire wear allegedly observed on the first three sets of tires that were on Ms. Daniel's vehicle."

1  (Id. at 8-9.)

2       The court's inherent authority to impose sanctions is discretionary. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). At this stage in the litigation, it is premature to decide what form of sanction is appropriate with respect to plaintiff's spoliation of the third set of tires. Although it does appear at this point that some sort of remedy will likely be appropriate, the court will be in better position to make that decision closer to or during the time of trial, when it can better weigh the probative value and prejudicial effect of the destroyed evidence. Accordingly, the court will deny defendant's motion for sanctions without prejudice to its timely renewal at a later date.

IV.  Conclusion

     IT IS THEREFORE ORDERED that defendant's motion for sanctions be, and the same hereby is, DENIED without prejudice to its timely renewal at a later date.

Dated:  September 23, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE