1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11                              ----oo0oo----

12   MARGIE DANIEL, individually       CIV. NO. 2:11-2890 WBS EFB
     and on behalf of a class of
13   similarly situated              ORDER RE: MOTION FOR APPROVAL OF
     individuals,                    CLASS NOTICE AND NOTICE PLAN
14

15              Plaintiff,

16       v.

17   FORD MOTOR COMPANY, a
     Delaware corporation,
18

19              Defendant.

20                              ----oo0oo----

21

22        Plaintiff Margie Daniel brought this class action

23   against defendant Ford Motor Company ("Ford"), alleging that Ford

24   sold her and other customers vehicles that were built with

25   defective rear suspensions.  (Compl. (Docket No. 42).)  The court

26   granted plaintiff's motion for class certification on September

27   23, 2016.  (Sept. 23, 2016 Order (Docket No. 123).)  The class

28   certified in this action is presently defined as: "[I]ndividuals

                                     1

1   who (1) purchased or leased any new 2005 through 2011 Ford Focus

2   vehicle in California, (2) currently own such a vehicle, and (3)

3   currently reside in the United States."   (Nov. 1, 2016 Order

4   (Docket No. 131).)

5          Having been granted class certification, plaintiff now

6   moves for approval of her proposed class notice and notice plan.

7   (Pl.'s Mot. (Docket No. 138).)   Defendant supports plaintiff's

8   Motion.   (Id. at 3.)

9          Where the court certifies a class under Rule 23(b)(3),

10  as it did here, it "must direct to class members the best notice

11  that is practicable under the circumstances, including individual

12  notice to all members who can be identified through reasonable

13  effort."   Fed. R. Civ. P. 23(c)(2)(B).   Although notice must be

14  "reasonably calculated . . . to apprise interested parties of the

15  pendency of the action," actual notice is not required.   Silber

16  v. Mabon, 18 F.3d 1449, 1454 (9th Cir. 1994) (citation omitted).

17  Rule 23(c)(2) governs both the form and content of a proposed

18  notice.   See Ravens v. Iftikar, 174 F.R.D. 651, 658 (N.D. Cal.

19  1997) (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 172–77

20  (1974)).

21         Plaintiff's proposed notice plan entails "[m]ailing

22  individual, postcard notice . . . to the members of the Class for

23  which current mailing addresses are available."   (Pl.'s Mot. at

24  4.)   Plaintiff will obtain members' mailing addresses by

25  reviewing "data provided by Ford" and "DMV information . . .

26  collected and held by . . . IHS Markit," a third-party data

27  collector that has agreed to release DMV information to plaintiff

28  upon court order.   (Joint Status Report at 2 (Docket No. 141);

1    Pl.'s Mot. at 6.)   The parties represent, based on an estimate

2    provided by their claims administrator, that the combination of

3    information provided by Ford and IHS Markit "will yield contact

4    information for very close to 100% of Class Members."   (Joint

5    Status Report at 2.)

6             In light of the parties' representation that

7    "individual mailing should indeed reach very close to 100% of

8    Class Members," (id.), the court is satisfied that plaintiff's

9    notice plan is "reasonably calculated . . . to apprise interested

10   parties of the pendency of [this] action" and is "the best notice

11   that is practicable under the circumstances."

12            With respect to the content of plaintiff's proposed

13   notice, Rule 23(c)(2)(B) requires that the notice "clearly and

14   concisely state" the following: "(i) the nature of the action;

15   (ii) the definition of the class certified; (iii) the class

16   claims, issues, or defenses; (iv) that a class member may enter

17   an appearance through an attorney if the class member so desires;

18   (v) that the court will exclude from the class any member who

19   requests exclusion; (vi) the time and manner for requesting

20   exclusion; and (vii) the binding effect of class judgment on

21   members."   Fed. R. Civ. P. 23(c)(2)(B).   Additionally, "notice

22   must be neutral and must avoid endorsing the merits of the

23   claim[s]."   Adoma v. Univ. of Phoenix, Inc., No. CIV. S-10-0059

24   LKK/G, 2010 WL 4054109, at *2 (E.D. Cal. Oct. 15, 2010).

25            Plaintiff's postcard notice provides a brief

26   explanation of the nature of this action, the definition of the

27   class, and instructions for remaining in or opting out of the

28   class.   (See Joint Status Report Ex. A, Revised Postcard Notice.)

1    It directs class members to "a website specifically designated

2    for this case" on which a "long-form notice" containing more

3    detailed information about this case can be viewed.  (Id.)  Class

4    members may also call a toll-free number and request that the

5    long-form notice be mailed to them.  (Id.)

6          The long-form notice states: (1) the nature of this

7    action, (Pl.'s Mot. Ex. B, Long-Form Notice ¶ 3 (Docket No. 138-

8    1)); (2) the class certified, (id. ¶ 1); (3) the claims, issues,

9    and defenses in this action, (id. ¶ 3); (4) that class members

10   may appear through an attorney, (id. ¶ 6); (5) that class members

11   may request exclusion, (id. ¶ 5); (6) how to request exclusion,

12   (id.); and (7) the binding effect of remaining in the class, (id.

13   ¶ 1).  Both the long-form notice and postcard notice are neutral

14   with respect to the parties' positions and the current posture of

15   this case.  Accordingly, the court finds that the content of

16   plaintiff's postcard and long-form notices satisfy the

17   requirements of Rule 23(c)(2)(B).

18          Because plaintiff's proposed notice and notice plan

19   satisfy the requirements of Rule 23(c)(2)(B), the court will

20   grant plaintiff's Motion.

21          IT IS THEREFORE ORDERED that plaintiff's Motion for

22   approval of class notice and notice plan be, and the same hereby

23   is, GRANTED as follows:

24       (1)  The proposed notice plan described in plaintiff's

25            Motion (Docket No. 138) and clarified in the parties'

26            February 8, 2017 Joint Status Report (Docket No. 141)

27            is hereby approved.

28       (2)  The proposed postcard notice attached to the parties'

1     February 8, 2017 Joint Status Report (Docket No. 141

2     Ex. A) and the proposed long-form notice attached to

3     plaintiff's Motion (Docket No. 138-1 Ex. B) are hereby

4     approved.

5   (3)   The parties are hereby authorized and directed to

6     obtain class members' contact information from IHS

7     Markit and its subsidiary, R.L. Polk & Co.

8   Dated:   February 10, 2017

9

WILLIAM B. SHUBB
10  UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28