UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARGIE DANIEL, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>　　　　Defendant. | CIV. NO. 2:11-02890 WBS EFB<br><br>ORDER |

----oo0oo----

Plaintiff Margie Daniel brought this action against defendant Ford Motor Company alleging a defect in the rear suspension geometry in new 2005 through 2011 Ford Focus vehicles. Presently before the court are the parties' submissions regarding whether the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784, requires proof that the alleged defect created an unreasonable safety risk.

1

The court recognizes that there is some dispute among the federal district courts and the California Courts of Appeal as to whether the CLRA requires proof of an unreasonable risk of personal injury. See, e.g., In re: Lenovo Adware Litig., Case No. 15-md-2624-RMW, 2016 WL 6277245, *12-13 (N.D. Cal. Oct. 27, 2016) (CLRA fraudulent omission claim need not allege safety issue); Sharma v. BMW of N. Am. LLC, Case No. 13-cv-2274-MMC, 2016 WL 4395470, *4-6 (N.D. Cal. Aug. 18, 2016) (plaintiff must show defect caused an unreasonable safety risk); Rutledge v. Hewlett-Packard Co., 238 Cal. App. 4th 1164, 1174-76 (6th Dist. 2015) (misrepresentation may be material without any showing of an unreasonable safety risk).[1]

However, the Ninth Circuit twice has explained that absent an affirmative misrepresentation, an alleged omission must pose a safety concern to be material. See Williams v. Yamaha Motor Co., 851 F.3d 1015, 1025-26 (9th Cir. 2017) (affirming dismissal of CLRA fraudulent omission claim based on plaintiffs' failure to plausibly plead that the alleged defect constituted an unreasonable safety hazard); Wilson v. Hewlett-Packard Co., 668 F3d. 1136, 1141-43 (9th Cir. 2012) (district court did not err in requiring plaintiffs to allege that a design defect caused an unreasonable safety hazard). The Williams court explained that

---

[1] In resolving defendant's renewed motion for summary judgment, this court noted plaintiff's argument that a fraudulent omission claim no longer requires that the defect be related to a safety concern. However, in ruling on the motion the court did not have to decide that issue because plaintiff had established a genuine issue of material fact as to whether the alleged defect here involved a safety concern. (Docket No. 107 at 6 n.1.)

2

to state a claim for failure to disclose a design defect, a party must allege, among other things, "the existence of an unreasonable safety hazard," 851 F.3d at 1025-26 (citations omitted), citing its past decision in Wilson, 668 F.3d at 1142-43.

Notably, the Ninth Circuit issued its decision in Williams more than two years after the California Court of Appeal's decision in Rutledge, 238 Cal. App. 4th 1164. Further, the Wilson court, in holding that an unreasonable risk of injury was required, interpreted two other decisions by the California Court of Appeal in Daugherty v. American Honda Motor Co., 144 Cal. App. 4th 824, 836 (2d. Dist. 2006), and Bardin v. DaimlerChrysler Corp., 136 Cal. App. 4th 1255, 1270 (4th Dist. 2006). There is no clear pronouncement from the California Supreme Court on this issue.

This court is bound by the Ninth Circuit's interpretation of California law, absent a contrary ruling by the California Supreme Court. See, e.g., Johnson v. Barlow, Civ. No. 06-1150 WBS GG, 2007 WL 1723617, at *3 (E.D. Cal. June 11, 2007) (noting that the Ninth Circuit had predicted how the California Supreme Court would rule on an issue, and "barring a clear holding to the contrary by California's highest court, it is not this court's prerogative to second guess that conclusion," notwithstanding a conflicting California Court of Appeal decision) (citing Dimidowich v. Bell & Howell, 803 F.2d 1473, 1482 (9th Cir. 1986)); see also Sharma, 2016 WL 4395470, at *5 (district court held it was bound by Wilson's requirement of an unreasonable safety risk notwithstanding Rutledge). Thus, this

court continues to be bound by the Ninth Circuit's interpretation of the CLRA, notwithstanding any decisions by the California Courts of Appeal which may disagree with this interpretation.[2]

The court recognizes that ordinarily it "must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently." See In re Watts, 298 F.3d 1077, 1083 (9th Cir. 2002). However, neither Watts nor any other cases cited by plaintiff hold that a district court is free to disregard Ninth Circuit precedent in light of an intervening decision by a state intermediate court where the Ninth Circuit essentially reaffirms its prior holding after the intervening state court decision.

Because the Ninth Circuit has ruled twice already, including this year, that a fraudulent omission claim under the CLRA requires that the alleged defect posed an unreasonable safety risk, the court will instruct the jury on this requirement.

IT IS SO ORDERED.

Dated: August 29, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] In this regard, the court disagrees with Judge Whyte's decision in In re: Lenovo, 2016 WL 6277245, at *13 (holding that plaintiff need not allege a safety concern because Wilson was no longer binding in light of the Sixth District Court of Appeal's opinion in Rutledge).

4