1   John B. Thomas (Bar No. 269538)
    jthomas@hicks-thomas.com
2   Hicks Thomas LLP
    8801 Folsom Boulevard, Suite 172
3   Sacramento, California 95826
    Telephone:  (916) 388-0833
4   Facsimile:   (916) 691-3261

5   J. Allen Carney (*pro hac vice*)
    acarney@cbplaw.com
6   Hank Bates (Bar No. 167688)
    hbates@cbplaw.com
7   Carney Bates & Pulliam, PLLC
    2800 Cantrell Road, Suite 510
8   Little Rock, Arkansas 72202
    Telephone:  (501) 312-8500
9   Facsimile:   (501) 312-8505

10  Counsel for Plaintiff MARGIE DANIEL

11

12              UNITED STATES DISTRICT COURT

13            EASTERN DISTRICT OF CALIFORNIA

14                 SACRAMENTO DIVISION

15

16  MARGIE DANIEL, individually and          )   No. 2:11-cv-02890-WBS-EFB
    on behalf of a class of similarly situated )
17  individuals,                              )
                                              )
18              Plaintiff,                    )   **PLAINTIFF'S OBJECTIONS TO FORD**
                                              )   **MOTOR COMPANY'S BILL OF COSTS**
19         v.                                 )
                                              )
20  FORD MOTOR COMPANY, a Delaware            )
    corporation,                              )   Judge:  Hon. William B. Shubb
21                                            )
                Defendant.                    )
22                                            )
                                              )
23                                            )
                                              )
24                                            )
                                              )
25                                            )
                                              )
26                                            )
                                              )
27  ─────────────────────────────────────────)

28

HICKS THOMAS LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

1   By and through counsel, Plaintiff Margie Daniel ("Plaintiff") respectfully requests that this

2   Court exercise its discretion under Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, and Local Rule 292

3   and deny Defendant Ford Motor Company's ("Ford" or "Defendant") Bill of Costs (ECF No. 281),

4   or, alternatively, to reduce such costs in accordance with applicable law as set forth below.

5   **I.      APPLICABLE LEGAL STANDARDS**

6   Expenses that a court may tax as a cost under the discretionary authority granted by Rule

7   54(d) are enumerated in 28 U.S.C. § 1920. *Ritchie v. Haw Dep't of Publ. Safety*, 2017 U.S. Dist.

8   LEXIS 153118, at *4-5 (D. Hawaii May 31, 2017). Section 1920 provides that the following costs

9   may be taxed: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded

10  transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and

11  witnesses; (4) fees for exemplification and copies of making copies of any materials where copies

12  are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6)

13  compensation of court appointed experts, compensation of interpreters, and salaries, fees,

14  expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. §

15  1920. While a court may refuse to award costs, it does not have discretion to award costs beyond

16  those specifically enumerated in § 1920, absent explicit statutory authorization to the contrary.

17  *Ritchie*, 2017 U.S. Dist. LEXIS 153118, at *4; *EEOC v. W&O, Inc.*, 213 F. 3d 600, 620 (11th Cir.

18  2000) ("a court may only tax costs as authorized by statute"); *Cline v. Home Quality Mgmt., Inc.*,

19  2005 U.S. Dist. LEXIS 44733, at *17 (S.D. Fla. May 18, 2005) ("[I]n exercising its discretion to

20  tax costs, absent explicit statutory authorization, federal courts are limited to those costs

21  specifically enumerated in 28 U.S.C. § 1920."). Moreover, the party seeking recovery of its costs

22  bears the burden of proving the amount and necessity of its costs. *See Allison v. Bank One-Denver*,

23  289 F. 3d 1223, 1248-9 (10th Cir. 2002).

24  Importantly, a court may exercise its discretion to deny costs where the losing party has

25  limited financial resources or the issues presented are close or difficult. *See Ass'n of Mexican-*

26  *American Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000) (affirming denial of costs to

27  prevailing defendants based, in part, on the plaintiff's limited financial resources and the potential

28

HICKS THOMAS LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

Hicks Thomas LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

1 chilling effect of imposing such high costs on future litigants); *Rodriguez v. Whiting Farms, Inc.*,

2 360 F.3d 1180, 1190 (10th Cir. 2004) (denying costs to a prevailing party may be warranted when

3 issues in case are difficult and close); *Haddon Zia v. Med. Staffing Network, Inc.*, 336 F. Supp. 2d

4 1306, 1310 (S.D. Fla. 2004) (denying costs where issue presented was a "close legal question"). It

5 may also be appropriate for a court to deny costs where a case presents issues of public importance

6 or where taxing costs would chill the prosecution of related actions. *See Ass'n of Mexican-*

7 *American Educators*, 231 F.3d at 593; *U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D.

8 69, 77 (S.D. Ohio 2000) (defendant not entitled to costs in employee's False Claims Act suit due

9 to chilling effect that taxing of costs would have on future FCA actions, public benefit of the case,

10 and difficulty of the case, among other considerations).

11 **II.      FORD'S BILL OF COSTS SHOULD BE DENIED AS UNJUST.**

12      This Court should deny an award of costs to Ford against Ms. Daniel as unjust in light of

13 the particular circumstances in this case. As noted above, "[t]he Ninth Circuit has held that

14 appropriate reasons for refusing to award costs to a prevailing party include: (1) a losing party's

15 limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of

16 imposing such high costs on future litigants." *Gray v. United States*, 2007 U.S. Dist. LEXIS 70873,

17 at *4 (S.D. Cal. Sept. 25, 2007); *see also Ass'n of Mexican-American Educators*, 231 F.3d at 593.

18      Here, there is a vast financial disparity between the parties.  On the one hand, Ford is a

19 multibillion dollar company with vast resources at its disposal. On the other hand, Plaintiff is a

20 retired individual with limited financial means. Plaintiff does not have the financial means to pay

21 the approximately $100,000 in costs itemized by Ford. The vast economic disparity between the

22 parties, especially when considered in conjunction with the enormity of the costs sought, renders

23 an award of costs against Plaintiff fundamentally unjust in this case. This fact is further

24 underscored when consideration is given to the close and difficult questions at issue in this case.

25 *See Ellis v. Grant Thornton LLP*, 434 Fed. Appx. 232, 235 (4th Cir. 2011) (holding that the district

26 court did not abuse its discretion by refusing to award costs to the prevailing defendant, on the

27 basis of plaintiff's inability to pay, where the issues in the case were "close and difficult").

28

HICKS THOMAS LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

Moreover, awarding the requested costs would have a chilling effect on the willingness of consumers to bring class action consumer protection lawsuits against corporate defendants. It has long been recognized that class actions are a valuable and desirable mechanism that allows similarly situated individuals to aggregate relatively modest claims. *Cf. Makaneole v. SolarWorld Indus. America, Inc.*, 2017 U.S. Dist. LEXIS 83954, at *9 (D. Or. May 10, 2017). This is especially true in the context of consumer protection. *See Cooper v. QC Fin. Servs.*, 503 F. Supp. 2d 1266, 1286 (D. Ariz. 2006). As such, the potential chilling effect on meritorious class litigation in the future "constitutes good grounds" for denying costs in this case. *Makaneole*, 2017 U.S. Dist. LEXIS 83954, at *9. As such, denial of Ford's Bill of Costs in its entirety is warranted in the current circumstances.[1]

In sum, awarding costs from this Plaintiff, a retiree of limited financial means, to Ford, a multibillion dollar corporation, based on close and difficult questions that could have a chilling effect on future litigants seeking to protect consumers' rights would be unjust. Thus, this Court should exercise its discretion to deny costs in this action.

## III. FORD'S BILL OF COSTS SHOULD BE DENIED TO THE EXTENT IT SEEKS COSTS THAT WERE INCURRED IN DEFENDING AN APPEAL IN WHICH PLAINTIFF PREVAILED.

Costs incurred in defending Plaintiff's appeal are not recoverable because Ford was not the "prevailing party" in the appeal. After the Ninth Circuit ruled in Plaintiff's favor and reversed the portions of the Court's summary judgment order disposing of certain claims, Plaintiff sought and was awarded costs associated with the appeal in the amount of $291. Because Ford was not the prevailing party in the appeal in this case, it should not be awarded any costs, including printing, related to its Motion for Summary Judgment. Accordingly, to the extent any of the costs sought by Ford are related to Ford's Motion for Summary Judgment, they should be denied.

---

[1] Notably, the bill of costs statute allows costs to be levied against parties, not their counsel. *Sams v. State Attorneys General (In re Cardizem CD Antitrust Litig.)*, 481 F.3d 355, 359 (6th Cir. 2007) ("Rule 54(d) and § 1920 do not permit district courts to impose costs on attorneys, as opposed to the parties they represent."). Thus, the financial resources available to a losing party's counsel is not an appropriate factor for consideration in the determination of whether to tax costs against the losing party.

## IV. CERTAIN ITEMS IN FORD'S BILL OF COSTS ARE IMPROPER, UNSUPPORTED, EXCESSIVE, AND/OR UNREASONABLE.

A court must give "careful scrutiny" to all items proposed as costs. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964); *accord Koppinger v. Cullen-Schiltz & Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975) ("The bill of costs proposed by a winning party should always be given careful scrutiny."). Only necessary costs that are properly documented are recoverable.

Here, as detailed below, a number of items in Ford's Bill of Costs are improper, unsupported, excessive, and/or unreasonable. Hence, these costs should be denied or, alternatively, reduced.

### A. Service of Subpoenas

Ford seeks $2,517.25 in fees for service of 17 subpoenas served by private process servers. *See* ECF No. 281-1 at 2-19. Under 28 U.S.C. § 1920(1), fees for private process servers may be taxable when "their rates do not exceed the cost of service of process had the U.S. Marshal effectuated service of process." *Thayer v. Chiczewski*, 2010 U.S. Dist. LEXIS 80752, at *8 (N.D. Ill. Aug. 4, 2010); *Small v. Ford Motor Co.*, 2015 U.S. Dist. LEXIS 4270, at *6 (S.D. Fla. Jan. 13, 2015) (same).

> If a party seeks to recover private service fees without providing evidence of what hourly rate the private server charged, how much time he spent trying to serve process, or other information needed to determine if his rate exceeded that charged by the Marshal, then the appropriate practice is to award the lesser of the amount that the party actually paid and 'the minimum charge of the U.S. Marshals.'

*Oleksy v. GE*, 2016 U.S. Dist. LEXIS 171505, *8 (N.D. Ill. Dec. 12, 2016).

Here, Ford provides no explanation for the need of each of these subpoenas, nor does Ford provide the hourly rate charged by the process server or how much time was spent trying to serve each respective subpoena. *See* ECF No. 281-1 at 2-19. Rather, each of the respective invoices submitted by Ford in conjunction with this category identifies the service being performed as "priority" (*see id.* at 3-19) and simply provides a total charge. Because Ford did not provide the required information to recover private service fees, any cost taxed for a subpoena should be

HICKS THOMAS LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

limited to the rate of the U.S. Marshal Service, which is $65 for each item. *See* 28 CFR § 0.114(a)(3).

**B. Transcripts**

Section 1920 limits an award for transcript fees to "fees for printed **or** electronically recorded transcripts necessarily obtained for use in the case." (emphasis added). Here, Ford seeks a total of $61,105.28 in costs for both printed transcripts **and** video recordings. *See* ECF No. 281 at 4-5. The transcript costs requested by Ford fall into the following five categories:  (1) deposition transcripts of the Plaintiff and former named plaintiffs, family members, and Ford employees; (2) deposition transcripts and videos used at trial; (3) expert deposition transcripts; and (4) hearing transcripts, status conference transcripts, and trial transcripts.  Plaintiff discusses each in turn below.

     1.    <u>Deposition Transcripts of Plaintiff, Former Named Plaintiffs, Plaintiffs' Family Members, and Ford Employees</u>

Depositions that are merely for discovery are not taxable items, and those expenses should fall on the party taking them as part of normal preparation for trial. *Independent Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963); *see also Alexander Mfg., Inc. Employee Stock Ownership and Trust v. Illinois Union Ins. Co*., 688 F. Supp. 2d 1170, 1177 (D. Or. 2010) (costs related to depositions that "were merely useful for discovery" are not "necessarily obtained" under 28 U.S.C. § 1920(2)); *Dente v. Riddell, Inc*., 1982 U.S. Dist. LEXIS 14157, at *13 (D. Mass. 1982) (finding expense of deposition is not taxable if the deposition is "investigative in nature and necessary only for normal preparation of the case."). Here, other than the transcript of Ms. Daniel, none of the depositions in this category were used at trial. At the same time, Ford does not attempt to provide any explanation or information on which to base a finding that the expenses for these depositions should be taxed. Thus, because Ford's Bill of Costs is "devoid of any explanation to substantiate a finding that the deposition transcripts were necessarily obtained for use in [the] case," beyond being investigative or preparatory in nature, these costs should be denied. *Suzuki v. Helicopter Consultants of Maui, Inc*., 2017 U.S. Dist. LEXIS 78158, at *10 (D. Ha. April 30, 2017)

HICKS THOMAS LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

(holding that the plaintiff's unsupported and conclusory explanation that the depositions were necessary was insufficient to support an award of costs); *Synopsys, Inc. v. Ricoh Co. (In re Ricoh Co. Patent Litig.)*, 661 F.3d 1361, 1367-68 (Fed. Cir. 2011) (denying costs to a prevailing party that "did not meet its burden under section 1920" and noting the inadequacy of generic references and/or statements to determine whether costs are taxable).

Moreover, the requested costs in this category include extra fees that are not permitted under section 1920. For example, Ford includes costs for (1) rough drafts (ECF No. 281-2 at 3, 5, 7, 8, 9); (2) CD litigation package (ECF No. 281-2 at 3-9); (3) attendance fees for the court reporter (ECF No. 281-2 at 4, 6, 9); (4) production and processing (ECF No. 281-2 at 3, 5-9); (5) shipping & handling (ECF No. 281-2 at 3-10); (6) parking expense (ECF No. 281-2 at 7); (7) expedited fee (ECF No. 281-2 at 4); (8) surcharges (ECF No. 281-2 at 4, 6, 9); (9) witness read and sign services (ECF No. 281-2 at 4); and (10) miscellaneous fee (ECF No. 281-2 at 8).  These extra fees fall outside the costs permitted under section 1920 and, as such, are not properly taxable under section 1920. *See Intermedics, Inc. v. Ventritex, Inc.,* 1993 U.S. Dist. LEXIS 17803, at *7 (N.D. Cal. Dec. 2, 1993) (finding that a party may recover "the cost of *one* copy of a deposition transcript" and "[i]f a party elects to have the transcript made available in an additional, separate medium, such as on diskette or in a condensed 'travel copy,' the party must bear any additional expenses associated with that choice.") (emphasis in original); *Armstrong v. BNSF Ry. Co.*, 2016 U.S. Dist. LEXIS 173199, at *12-13 (N.D. Ill. Dec. 15, 2016) (denying costs for "witness read and sign services", shipping and handling, e-transcripts, and video recording where written transcript was obtained); *Alexander Mfg. v. Ill. Union Ins. Co.*, 688 F. Supp. 2d 1170, 1176-1177 (D. Or. 2010) (finding costs for courier and mail, among others, are outside the scope of § 1920, and, therefore, not recoverable.); *Hansen v. Sea Ray Boats*, 160 F.R.D. 166, 167 (D. Utah 1995) (finding that a court reporter's "appearance fee" is not a cost "contemplated under the recovery provisions of 28 U.S.C. § 1920(2) and affirming lower court's denial of such costs).

Hicks Thomas LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

2.      Deposition Transcripts and Videos Used at Trial

The requested costs in this category include fees for (1) both videos and printed transcripts (ECF No. 281-3 at 3, 5, 6, 9); (2) rough drafts (ECF No. 281-3 at 3, 5, 8); (3) condensed transcripts (ECF No. 281-3 at 4); (4) disks (ECF No. 281-3 at 3, 5); (5) e-transcripts or digital transcripts (ECF No. 281-3 at 3, 4, 5); and (6) shipping (ECF No. 281-3 at 3, 4, 5, 6, 9). For the same reasons set forth above, the extra costs for rough drafts, condensed transcripts, disks, e-transcripts, and shipping are not properly taxable under section 1920. Moreover, the court in *Pullela v. Intel Corp.*, 2010 U.S. Dist. LEXIS 88965, at *9 (D. Or. Aug. 25, 2010) explained that it is proper to deny costs for video depositions where a printed transcript was also obtained. The *Pullela* court stated that "[r]outinely allowing recovery of the cost incurred for both the court reporter's transcript and a separate videographic record of depositions duplicates deposition costs without purpose." *Id.*; *see also Hunt v. City of Portland*, 2011 U.S. Dist. LEXIS 89744, at *20 (D. Or. Aug. 10, 2011) (explaining while case strategy or tactics might support a decision to employ a videographer in addition to a court reporter, this is a different consideration from Rule 54's necessity requirement and denying costs for video depositions where party could have used written transcript); *Wesley v. Dombrowski*, 2008 U.S. Dist. LEXIS 49544, at *10 (E.D. Pa. June 25, 2008) (stating that "costs for videotapes *or* written transcripts are taxable, but not both") (emphasis in original).[2] Accordingly, each of these requested costs should be denied.

Further, Ford did not use videos for the deposition testimony it introduced in its case-in-chief at trial. Moreover, for purposes of Ford's counter-designations to Plaintiff's deposition designations, Plaintiff utilized and edited her video transcript. In these circumstances, the videos purchased by Ford were not a necessity, but rather a convenience. For this additional reason, the costs for these videos should be denied. *Cf. Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

---

[2] Notably, Ford did not use videos for the deposition testimony it introduced in its case-in-chief at trial. Moreover, for purposes of Ford's counter-designations to Plaintiff's deposition designations, Plaintiff utilized and edited her video transcript. In these circumstances, the videos purchased by Ford were not a necessity, but rather a convenience. For this additional reason, the costs for these videos should be denied.

Hicks Thomas LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

HICKS THOMAS LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

### 3.   Expert Deposition Transcripts

Ford's requested costs in this category include fees for (1) rough drafts (ECF No. 281-4 at 4, 5, 6, 8, 10, 11, 13, 14); (2) both videos and printed transcripts (ECF No. 281-4 at 5, 6, 8, 13); (3) CD litigation package (ECF No. 281-4 at 4, 10, 11, 12); (4) attendance fees for the court reporter (ECF No. 281-4 at 4, 11); (5) production and processing (ECF No. 281-4 at 4, 10, 11); (6) shipping & handling (ECF No. 281-4 at 4-8, 10-14); (7) expedited fees (ECF No. 281-4 at 8, 11, 13); (8) digital transcripts (ECF No. 281-4 at 8, 13, 14); (9) condensed transcripts (ECF No. 281-4 at 8, 13, 14); (10) summary fee (ECF No. 281-4 at 8); (11) parking expenses (ECF No. 281-4 at 10, 11); (12) standby fee (ECF No. 281-4 at 11); (13) surcharge for color exhibits and/or video (ECF No. 281-4 at 12); (14) witness read and sign services (ECF No. 281-4 at 12); and (15) handling fee (ECF No. 281-4 at 14). For the same reasons set forth above, these extra costs are not properly taxable under section 1920.

### 4.   Hearing Transcripts, Status Conference Transcripts, and Trial Transcripts

Here, Ford seeks $10,158.80 in costs for daily trial transcripts, both rough drafts and final drafts. Ford's request for these unauthorized costs incurred for the convenience of counsel should be denied. *See Manildra Milling Corp. v. Ogilvie Mills, Inc*., 76 F3d 1178, 1184 (Fed. Cir. 1996) (finding that the cost of daily trial transcripts is not recoverable without court approval obtained prior to trial.). Daily trial transcripts are a "relative luxury for trial counsel and are not routinely taxable." *Norton v. Internat'l Harvester Co*., 89 F.R.D. 395, 396 (E.D. Wis. 1981); *Small*, 2015 U.S. Dist. LEXIS 4270, at *9 (denying request for $11,400 for daily trial transcripts, stating "[s]uch transcripts are solely for attorneys' convenience. . . ."). Thus, "[t]o asses the losing party with the premium costs of daily transcripts, necessity – beyond the mere convenience of counsel – must be shown." *Pickett v. Tyson Fresh Meats, Inc*., 2004 U.S. Dist. LEXIS 29389, at *13 (M.D. Ala. Aug. 3, 2004). Here, Ford has made no showing of necessity. Thus, Ford's request for costs of $10,158.80 for the luxury and convenience of daily trial transcripts should be denied.

HICKS THOMAS LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

1  Ford's request for $696.60 for costs of hearing and status conference transcripts should

2  also be denied. As with the trial transcripts, Ford fails to make a showing of necessity for these

3  transcripts.

4  **C. <u>Witness Fees</u>**

5  While witness fees may be recoverable costs under 28 U.S.C. § 1920(3), "[f]ederal law

6  allows [the prevailing party] to recover only forty dollars per day per witness." *First Nat. Mortg.*

7  *Co. v. Federal Realty Inv. Trust*, 631 F.3d 1058, 1070-1071 (9th Cir. 2011); *see also* 28 U.S.C. §

8  1821(b). When an overnight stay is required, a subsistence allowance for the witness, not to exceed

9  the maximum per diem allowance prescribed by the Administrator of General Services, may also

10  be taxed. 28 U.S.C. § 1821(d)(2). Thus, "the amount taxable is the amount actually paid or the

11  statutorily defined amount, whichever is less." *Trading Techs. Int'l v. eSpeed, Inc.*, 750 F. Supp.

12  2d 962, 971 (N.D. Ill. 2010); *cf. MEMC Elec. Materials v. Mitsubishi Materials*, 2004 U.S. Dist.

13  LEXIS 29359, at *37 (N.D. Cal. Oct. 22, 2004) (reducing food and hotels costs that exceeded the

14  applicable per diem rates for food and hotel).

15  Here, Ford seeks a total of $8,441.80 in costs for witness fees.  The witness costs requested

16  by Ford include (1) deposition attendance costs; and (2) trial attendance costs. Both of these

17  categories include non-recoverable and/or excessive fees that should not be taxed as costs.

18  With regard to the former category, the requested costs in this category include fees for

19  undocumented mileage (ECF No. 281-7 at 3) and lodging costs above the allowable maximum per

20  diem rate (ECF No. 281-7 at 4).  The invoice submitted by Ford regarding Mr. Duarte's witness

21  and mileage costs provides a single line item fee of $124.16. *See* ECF No. 281-7 at 3. Thus, Ford

22  fails to establish that it calculated the claimed witness mileage fees in accordance with 28 U.S.C.

23  § 1821. Additionally, Ford seeks lodging costs related to Mr. Giapponi's 2013 deposition in the

24  amount of $139.13. *See* 281-7 at 4. This rate is in excess of the maximum per diem rate for

25  Pontiac/Auburn Hills, Michigan for April 2013 as set forth by the U.S. General Services

26

27

28

HICKS THOMAS LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

1  Administration, which is $86 per day for lodging.[3] Thus, Ford's request for such costs includes

2  unsupported, excessive and unreasonable amounts and, as such, should be denied or, at the least,

3  reduced.

4     With regard to the latter category, the requested costs include fees for lodging costs above

5  the allowable maximum per diem rate (ECF No. 281-8 at 4, 6, 7, 11, 12, 14-17); airfare—airline

6  and/or class of ticket not specified (ECF No. 281-8 at 9, 13, 19-20)[4]; undocumented mileage (ECF

7  No. 281-8 at 5, 9, 10); meals-date and location not specified (ECF No. 281-8 at 9); and car rental-

8  car and daily amount not specified (ECF No. 281-8 at 20). These excessive, unsupported, and/or

9  extra fees are not recoverable.

10    Ford requests lodging costs for its expert witnesses in the following amounts:  $249.30 per

11 night for Mr. Taylor; $258.05 per night for Mr. Tandy; $229.30 per night for Mr. Giapponi;

12 $114.30 per night for Mr. Strombom; and $229.30 per night for Mr. Pascarella. *See* ECF No. 281-

13 8 at 2, 6, 7, 11-12, 14-17. The maximum per diem rate for Sacramento, California for January 2018

14 as set forth by the U.S. General Services Administration is $128 per day for lodging.[5] Thus, Ford's

15 request for these lodging expenses should be denied or, at the least, reduced.

16    Ford next asks the Court to award airfare as follows:  (1) $1,382.60 for roundtrip airfare

17 for Donald Tandy; (2) $1,231.36 for round-trip airfare for Mr. Giapponi; (3) $2,092.24 for airfare

18 for Mr. Pascarella. *See* 281-8 at 2-3. A witness who travels by common carrier is entitled to be

19 paid for the actual expenses of travel so long as evidence of actual costs is furnished to the court

20 and so long as the witness utilizes the most economical rate reasonably available. *See* 28 USC

21 1821(c)(1); *see also Brown v. McGraw-Hill Cos*, 526 F. Supp. 2d 950 (N.D. Iowa 2007); *Denton*

---

23 [3]  *See*  https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-
24 lookup/?action=perdiems_report&fiscal_year=2013&city=bloomfield%20hills&state=MI&zip=.

25 [4] Ford seeks to recover three different charges in connection with Mr. Pascarella's airfare.  One
   charge on 1/9/18 in the amount of $947.24, a second charge on 1/18/18 in the amount of $757.30,
26 and a third charge on 1/19/18 in the amount of $387.70.  It is unclear from the documentation
   submitted what these three charges are for. (ECF No. 281-8 at 19-20).

27 [5]  *See*  https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-
   lookup/?action=perdiems_report&fiscal_year=2018%20(Current%20Fiscal%20Year)&city=sacr
28 amento&state=CA&zip=.

*v Daimlerchrysler Corp.*, 645 F. Supp. 2d 1215 (N.D. Ga. 2009) (finding Plaintiffs failed to make proper showing that their witnesses used most economical rate reasonably available for their air transportation to and from trial, as required by 28 USCS § 1821(c)(1)). Here, Ford fails to provide documentation showing that its witnesses used the most economical rate reasonably available by not providing documentation showing the airline (ECF No. 281-8 at 9) and/or the class of seating on the airline (ECF No. 281-8 at 9, 13, 19-20). Accordingly, these costs should not be taxed against Plaintiff.[6]

Ford also seeks costs for undocumented mileage. ECF No. 281-8 at 5, 9, 10. In this regard, Ford fails to provide the mileage traveled and the rate at which it is seeking reimbursement. *Id.* Accordingly, Ford has failed to establish that the claimed witness mileage fees were calculated in accordance with 28 U.S.C. § 1821. As such, these costs should be denied.

Lastly, Ford's request for rental car costs for Mr. Pascarella should be denied. While costs for travel to the courthouse via common carrier may be permissible, "the use of a rental car for the witness' convenience during his attendance is not within the contemplation of § 1821." *Pan. Am. Grain MFG. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 35 (D. P.R. 2000). This is especially true where, as here, the party makes no showing of the car rented or the daily rental rate. Thus, this cost should be denied.

**D.  Fees for Exemplification and Photocopying**

Defendant requests an outrageous $23,040.55 in exemplification and photocopies costs. As explained below these are excessive, unnecessary, and improper.

1.  Photocopying Costs of Courtesy Copies for the Court

Photocopying costs are potentially recoverable to the extent that the copies were "necessarily obtained for use in the case." *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995); *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 224 (9th Cir. 1964).

---

[6] The excessiveness and unreasonableness of Mr. Pascarella's airfare is further made evident by simple comparison to the airfares of the other two witnesses. Indeed, the invoice submitted by Ford contains three line items for airfare for Mr. Pascarella, without any explanation for what these amounts are for.

HICKS THOMAS LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

Here, Ford seeks $843.00 for the photocopying of courtesy copies of Ford's Summary Judgment Motion and Summary Judgment Reply by a third-party vendor. (ECF No. 281-9 at 2). First, this was a motion that Plaintiff prevailed on after appeal to the Ninth Circuit. Second, the invoices submitted do not provide such detail as the number of pages copied and the cost per page. Third, the $843 amount contains $190.00 fee for "Out of Retainer Area." (ECF No. 281-9 at 3 and 4). Ford provides no support for this amount being taxable as a copying expense. Fourth, the invoice submitted by Ford for $644.00 of this amount identifies the documents related to the invoice as the Motions to Exclude Thomas Lepper and Andrew Webb, not Ford's Summary Judgment Motion (ECF No. 281-9 at 3). Thus, Ford has failed to sufficiently describe or provide documentation to show the use of or intended purpose for the items copied, the number of pages and the cost per page. *See Synopsys*, 661 F.3d at 1367-68 (Fed. Cir. 2011) (denying costs to a prevailing party that "did not meet its burden under section 1920" and noting the inadequacy of generic references and/or statements to determine whether costs are taxable). Consequently, these costs should be denied.

Ford also seeks $133.50 in costs related to the photocopying of a courtesy copy of Ford's Pretrial Statement. (ECF No. 281-9 at 5). Ford's Pretrial Statement (ECF No. 161) is 97 pages. This means that Ford seeks to recoup copying costs of approximately $1.30 a page. This is an excessive cost and should be denied as such. *See Denton*, 645 F. Supp. 2d at 1228 (finding "a rate of $.10 to $.14 per copy is reasonable.")

### 2. Trial Exemplifications

Ford seeks costs of $11,506.25 associated with fees paid to Trial Exhibits, Inc. *See* ECF No. 281-10 at 3. Per the submitted invoice, this amount is comprised of three line items: (1) $968.75 for a graphic illustration of Plaintiff's tire sets; (2) $375.00 for a trial exhibit that lists tire wear factors; and (3) $10,162.50 for a 3-D Computer animation that explains alignment. In addition to the $11,506.25, Ford also asks for costs in the amount of $1,468.75 for fees paid to Trial Exhibits, Inc. for the design, layout, and production of PowerPoint Graphics. *See* ECF No. 281-10 at 4. These exhibits are neither exemplifications nor copies of papers necessarily obtained

HICKS THOMAS LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

for use in the case. *See Summit Tech., Inc. v. Nidek Co*., 435 F.3d 1371, 1375 (Fed. Cir. 2006) (finding that computer animations, PowerPoint presentations and graphic illustrations are not exemplifications); *Alzheimer's Inst. Of Am., Inc. v. Avid Radiopharmaceuticals*, 2016 U.S. Dist. LEXIS 37506, at *5 (E.D. Pa. Mar. 23, 2016) (finding that "[v]isual aids in counsel's arguments and in the testimony of expert witnesses are not taxable"; "[n]or are costs for preparation of exhibits and demonstrative aids"). Thus, the costs associated with preparing these exhibits, which were only used as demonstrative aids at trial, are not taxable as costs. *Nidek Co*., 435 F.3d at 1377 (further noting Moore's Federal Practice provides that "a video exhibit or a physical model may not qualify as an 'exemplification' if it is essentially explanatory and argumentative, serving merely as an aid to the argument of counsel and the explanations of expert witnesses." (citing 10 James Wm. Moore et al., *Moore's Federal Practice* § 54.103[3][d](3d ed. 2005)).

For these same reasons, the $5,931.44 in costs sought by Ford for the demonstrative aids supplied by Robert Pascarella, identified by Ford as "Robert Pascarella Materials Costs for Rear Suspension Model Demonstrative and Tire Case Demonstratives" (*see* ECF No. 281-10 at 2 and 8-9), should be denied.

Under this category, Ford also seeks $613.42 for costs described as "Donald Tandy Trial Exhibit Physical Costs". *See* ECF No. 281-10 at 2 and 6. However, there is no further detail or explanation of what this cost entails. Thus, Ford has failed to show sufficient details in order to analyze whether these costs are necessary and proper.

## V.    CONCLUSION

Based on the foregoing, this Court should deny Ford's Bill of Costs, or, alternatively, reduce the costs as set forth herein.

Hicks Thomas LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

1    Dated: February 15, 2018.                    Respectfully submitted,

2                                                 /s/ Allen Carney
                                                  J. Allen Carney
3                                                 Hank Bates
                                                  Carney Bates & Pulliam PLLC
4
                                                  John B. Thomas
5                                                 Hicks Thomas LLP

6                                                 Counsel for Plaintiff MARGIE DANIEL

7

8

9

10

11

HICKS THOMAS LLP
8801 Folsom Boulevard, Suite 172
Sacramento, California 95826
Telephone: (916) 388-0833

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28