UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARGIE DANIEL, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>   v.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>        Defendant. | CIV. NO. 2:11-02890 WBS EFB<br><br>ORDER RE: BILL OF COSTS |

----oo0oo----

After judgment was entered in favor of defendant following a jury trial (Docket No. 275), defendant submitted a Bill of Costs totaling $99,406.02 for the costs of subpoenas, transcripts, witness fees, copies, and related expenses. (Docket No. 281). Plaintiffs have filed numerous objections to the Bill of Costs, arguing that the court should not award any costs, or in the alternative, reduce or disallow costs for many of the

1

items listed on the Bill of Costs. (Docket No. 282.)

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 govern the taxation of costs, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-45 (1987) (limiting taxable costs to those enumerated in § 1920).

The court exercises its discretion in determining whether to allow certain costs. See Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. See Russian River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523.

I. Court's Discretion to Deny All Costs

Plaintiffs' first argument is that the court should exercise its discretion to deny all costs because of (1) the financial disparity between the parties, (2) plaintiff Margie Daniel's limited financial means, (3) the close and difficult questions presented by the case, and (4) the potential chilling effect on future litigation if costs are granted. While plaintiffs are correct that these are appropriate factors to

2

examine in determining whether to deny costs, at least in the context of civil rights litigation, see Association of Mexican-American Educators v. California, 231 F.3d 572, 593 (9th Cir. 2000), they do not warrant denial of all costs in this case.

As an initial matter, the court considers whether to award costs against only the plaintiff who proceeded to trial, Margie Daniel, or all the plaintiffs that filed suit. Notably, while plaintiffs Robert McCabe, Mary Hauser, Donna Glass, and Andrea Duarte (who were represented by the same counsel as Margie Daniel) ultimately did not oppose dismissal of their claims (see Docket Nos. 84 at 6-7, 107 at 3), such non-opposition by McCabe did not occur until he was faced with defendant's first summary judgment motion, and the non-opposition by Hauser, Glass, and Duarte did not occur until they were faced with defendant's second summary judgment motion after their appeal.

The "default rule" for prevailing party costs is that the losing parties are jointly and severally liable for costs. Tubbs v. Sacramento Cty. Jail, 258 F.R.D. 657, 660 (E.D. Cal. 2009) (Karlton, J.) (citing In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 469 (3d Cir. 2000) (burden is on losing parties to show that costs should not be imposed jointly and severally)). The court further notes that many of the costs incurred by defendant were incurred before the other plaintiffs were dismissed from the case. Because defendant was required to bring dispositive motions against plaintiffs McCabe, Hauser, Glass, and Duarte, and because plaintiffs have not shown that they should not be jointly and severally liable for costs, the court will tax costs against all plaintiffs who have asserted claims in this case, not only

plaintiff Margie Daniel, should it determine that defendant is entitled to costs in this case.

Given that the court will tax costs against all named plaintiffs, the financial disparity between plaintiffs and defendant is less concerning -- the costs will be born by five plaintiffs, rather than one.[1]  Further, financial disparity alone is insufficient to deny costs, given that even plaintiffs proceeding in forma pauperis are not per se protected from taxation of costs.  See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).  Moreover, while plaintiffs claim that Margie Daniel is a retiree with "limited financial means," they provide no documentation regarding her income, assets, or expenses, nor any information regarding her co-plaintiffs' finances.  Thus, the financial disparity between the parties and plaintiffs' alleged limited financial means are not sufficient to disallow costs in this case.  See, e.g., Fletes v. City of San Diego, No. 13-cv-2279-JAH(JMA), 2016 WL 6804434, at *2-3 (S.D. Cal. July 1, 2016) (requiring plaintiff to prove indigence through documentation because "mere assertions are inadequate to demonstrate indigence that would warrant relief from Plaintiff's obligation to pay costs"); Ritchie v. Haw. Dep't of Pub. Safety, No. 14-46 LEK-KJM, 2017 WL 4172500, at *3-6 (D. Haw. Aug. 23, 2017) (plaintiff's

---

[1] Although it is highly likely that any costs awarded against plaintiffs will ultimately be borne by their attorneys, plaintiffs argue, and defendant does not dispute, that the court can only award costs against the plaintiffs, and not plaintiffs' counsel.  See Sams v. State Attys Gen. (In re Cardizem CD Antitrust Litig.), 481 F.3d 355, 359-61 (6th Cir. 2007) ("Rule 54 and [28 U.S.C.] § 1920 do not permit district courts to impose costs on attorneys, as opposed to the parties they represent.").

4

representations regarding her employment status, current salary, and state of finances were insufficient, without detailed information regarding her assets, to establish indigency for purposes of bill of costs).

The court also rejects as a ground to deny costs plaintiffs' argument that this case presented close and difficult questions. While plaintiffs did successfully appeal the district court's original orders granting summary judgment for defendant and certifying the class, proceeding to trial does not make this a close case. Notably, the jury reached a complete verdict for defendant after relatively brief deliberations. This verdict was no surprise to the court given the evidence presented at trial, which, among other things, failed to show that the vehicles at issue had any defect. While there may have been certain legal questions during the litigation of this case which were close and difficult, as indicated by, for example, the Ninth Circuit's reversal of summary judgment, the ultimate question of defendant's liability was neither close nor difficult.

The court further rejects plaintiffs' argument that granting costs will chill future consumer litigation. The Ninth Circuit has only discussed the chilling effect of awarding costs against plaintiffs in the context of civil rights litigation, though some district courts have discussed this factor in the context of other types of "public interest" litigation. See, e.g., Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1080 (9th Cir. 1999) ("[T]he imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation . . . ."); Ass'n of Mex. Am. Educators, 231 F.3d at

593 (discussing Stanley); Makaneole v. SolarWorld Indus. Am., Inc., 3:14-CV-1528-PK, 2017 WL 2345706, *3 (D. Or. May 10, 2017) (recommending that $2,375.40 in costs be denied because awarding costs would have a significant chilling effect on future class action wage-claim litigation where the potential individual recovery is small). The court assumes, but does not decide, that courts may consider whether an award of costs will chill subsequent consumer class action litigation. Nevertheless, in the court's opinion, awarding costs in this case would not have a significant chilling effect on subsequent consumer class actions of this type, where the potential overall recovery and recovery per class member was relatively high.[2]

Overall, plaintiffs have not met their burden of showing that costs should not be awarded in this case under the factors listed in Association of Mexican-American Educators, 231 F.3d at 593, and the court finds that "the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." See Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (district court must provide reasons for denying costs but need not do so if it grants costs, as "[t]he presumption itself provides all the reason a court needs for awarding costs"). Accordingly, the court will proceed to examine plaintiffs' specific challenges to certain items on defendant's Bill of Costs.

---

[2] Indeed, it seems likely that defendant's Bill of Costs pales in comparison to both sides' legal fees, expert witness fees, and other expenses incurred during the litigation of this case before and during trial, which suggests that both sides believed the potential recovery was high.

6

II. Service of Subpoenas

Plaintiffs challenge defendant's taxation of costs for $2,517.25 in fees for 17 subpoenas served by private process servers, claiming that the costs should be disallowed because defendant did not state why these subpoenas were necessary and did not provide enough detail to justify the amounts charged. In response, defendant states that the subpoenas were required to obtain the service records for plaintiffs' vehicles which were at issue in this case.

The court agrees that defendant may recover at least some costs for these 17 subpoenas, as the subpoenas were "reasonable and necessary in light of the facts known at the time of service." See U.S. Fid. & Guar. Co. v. Lee Invs., LLC, Civ. No. 99-5583 OWW SMS, 2010 WL 3037500, at *3 (E.D. Cal. Aug. 2, 2010) (citation omitted). However, parties seeking to tax costs for subpoenas may only recover the fees that may be charged by the U.S. Marshals Service, which is $65 per hour for each item served per process server, plus travel costs and any other out-of-pocket expenses. 28 U.S.C. § 1920(1); 28 C.F.R. § 0.114(a)(3); Oleksy v. Gen. Elec. Co., No. 06-cv-1245, 2016 WL 7217725, at *3 (N.D. Ill. Dec. 12, 2016).

Here, defendant has not shown why the amounts billed for each subpoena range from $114 to $175, as there is no itemization of hourly rates or expenses. Rather, the invoices listed for each subpoena list only the total amount billed for each subpoena. Because of the lack of greater detail as to these costs, the court will award $65 in costs per subpoena, equal to the amount charged by the Marshals Service for one hour of work

for service of process by one Marshal for each of the 17 subpoenas, for a total of $1,105. See Oleksy, 2016 WL 7217725, at *3 (where party seeks to recover private service fees without providing sufficient information to determine if the rate exceeded the Marshals' normal rate, "the appropriate practice is to award the lesser of the amount that the party actually paid and the minimum charge of the U.S. Marshals") (citations and internal punctuation omitted).

III. Transcripts and Related Costs

Plaintiffs next object to awarding costs for the deposition transcripts of several witnesses who did not testify at trial. "Whether a transcript or deposition is 'necessary' must be determined in light of the facts known at the time the expense was incurred." Sunstone Behavioral Health, Inc. v. Alameda Cty. Med. Ctr., 646 F. Supp. 2d 1206, 1219 (E.D. Cal. 2009) (Shubb, J.) (citation omitted). Here, taking depositions of the former named plaintiffs, plaintiffs' family members, and Ford employees was reasonable at the time the depositions were taken because they were all potential witnesses at trial, even though these depositions were not ultimately used during trial. See Robinson v. Kia Motors Am., Inc., Civ. No. 2:10-3187 SOM, 2016 WL 4474505, at *2-3 (E.D. Cal. 2016).

Plaintiffs also object to several of the costs associated with the depositions, specifically costs for rough drafts of the depositions, CD litigation packages, attendance fees for the court reporter, production and processing, shipping and handling, parking expenses, expedited fees, surcharges, witness read and sign services, and miscellaneous fees.

Plaintiffs also object to the costs for video depositions where printed transcripts were also obtained.

The court finds that defendant may recover costs for the original and one certified copy of the deposition transcripts, as well as exhibit fees, read and sign fees, shipping and handling fees, production and processing fees, and fees for the court reporter's attendance, mileage, and parking, which all appear necessary to obtain the transcripts. See Oyarzo v. Tuolumne Fire Dist., Civ. No. 1:11-1271 SAB, 2014 WL 1757217, at *8 (E.D Cal. Apr. 30, 2014). (See also Lenart Decl. (Docket No. 287-1).) The court also finds that defendant may recover costs for the deposition videos billed here because defendant anticipated that the videos could be used at trial and used the videos to review plaintiffs' proposed video designations and select its own counter-designations. Thus, the videos were not duplicative of the transcripts. See, e.g., MEMC Elec. Materials v. Mitsubishi Materials, No. C-01-4925 SBA(JCS), 2004 WL 5361246, *3-5 (N.D. Oct. 22, 2004) (allowing costs for both printed transcripts and videotaping of depositions).

However, the court will not allow costs for rough drafts, expedited fees, CD litigation packages, "ASCII disk" or "rough ASCII", "e-transcripts," "digital transcripts," or "condensed transcripts," which appear to have been provided for the convenience of the attorneys, notwithstanding defendant's claims that all of these expenses were necessary and that some of these fees were specifically necessary to comply with deadlines and the original trial date. The court will also not allow costs listed as "Miscellaneous" or "Surcharge," as it is not clear

whether these were necessary to obtain the transcripts.
Accordingly, the court will award for transcripts and related
expenses, including video depositions, as follows:

| | |
|---|---|
| Andrea Duarte | $ 1,208.53 |
| Jenny Hutchings | $ 642.60 |
| Donna Glass | $ 985.10 |
| Margie Daniel | $ 1,209.55 |
| Joseph Duarte | $ 1,826.80 |
| Mary Hauser | $ 997.20 |
| Robert McCabe | $ 1,728.55 |
| Kenneth Meier | $ 510.45 |
| Eric Kalis | $ 1,488.53 |
| Marc Domer | $ 288.05 |
| Richard Boniface | $ 6,550.74 |
| Paul Roberts | $ 1,511.12 |
| Tom Gieseking | $ 200.10 |
| Paul Mayer & Eric Zinkosky | $ 1,476.33 |
| Andrew Webb | $ 4,954.77 |
| Peter Tkacik | $ 4,442.25 |
| Robert Pascarella | $ 802.06 |
| Thomas Giapponi | $ 519.95 |
| Donald Tandy | $ 947.28 |
| Christine Wood | $ 1,030.00 |
| Thomas Lepper Vol. 1 | $ 3,884.74 |
| Thomas Lepper Vol. 2 | $ 1,164.99 |
| Thomas Lepper Vol. 3 | $ 1,532.55 |
| Paul Taylor | $ 1,527.65 |
| Bruce Strombom | $ 1,274.65 |

| | | |
|---|---|---|
| 1 | Total: | $ 42,704.54 |

Plaintiffs next challenge defendant's request for costs of transcripts for the court's hearings on defendant's renewed summary judgment ($199.75), the hearing on plaintiffs' class certification and defendant's motion for sanctions ($193.60), and two other pretrial hearings ($85.00 and $218.25), which defendant states was necessarily used in preparing jury instructions and its trial brief. Upon review of the requested costs and defendant's supporting materials, the court agrees that these costs were reasonably incurred in preparing defendant's proposed jury instructions and trial brief, and will award the costs of $696.60 for these hearing transcripts.

Plaintiffs next object to defendant's request for costs for trial transcripts in the amount of $10,158.80. While defendant represents that the daily trial transcripts were necessarily used for preparing its motion for judgment as a matter of law, preparing its motion for decertification, and answering jury questions, the court notes that these motions were filed before the jury rendered a verdict, and that defendant has not explained why any trial transcripts were necessary to answer any questions from the jury. The motions were ultimately unnecessary given the jury verdict, and the court finds that these trial transcripts were for the convenience of defense counsel and were not necessarily incurred.[3] The court therefore declines to award defendant costs for trial transcripts.

---

[3] The court expresses no opinion as to whether it would have awarded costs for trial transcripts had the jury found defendant liable.

11

IV. Witness Fees

Plaintiffs next object to defendant's requested costs for witness fees, which include attendance fees, mileage, tolls, car rental fees, lodging, subsistence (or meals), parking, and airfare at depositions and trial. Plaintiffs do not argue that costs are not allowed for these types of expenses, with the exception of car rental fees, but contend that defendant's witness expenses are not properly documented or exceed the amounts permitted under 28 U.S.C. §§ 1821 and 1920(3).

The court finds that defendant has properly documented its costs for the depositions of witnesses Joseph Duarte and Thomas Giapponi. However, plaintiffs argue, and defendant does not dispute, that the applicable GSA hotel rate for Giapponi's hotel stay in connection with his deposition is $68, well below the $139.13 claimed. Accordingly, the court will award $68 for Giapponi's hotel in connection with his deposition, and will award the other requested deposition witness fees and related costs.

The court also finds that defendant has properly documented its costs for trial attendance of witnesses Paul Taylor, Donald Tandy, Thomas Giapponi, Bruce Strombom, and Robert Pascarella, with the exception of Tandy's subsistence, which is discussed below. However, plaintiffs argue, and defendant does not dispute, that the applicable GSA hotel rate for Sacramento during trial is $128 per day, and that the daily hotel rates charged for most of these witnesses exceeded $128. Thus, the court will reduce the amounts charged accordingly, and allow trial attendance costs in the amount of $178.30 for Taylor's

12

hotel, $324.10 for Tandy's hotel, $316.60 for Giapponi's hotel, $229.86 for Strombom's hotel and subsistence, and $451.22 for Pascarella's hotel and subsistence.

The court will also allow $40 per day for each day each witness testified, and will allow the requested amounts for mileage, tolls, taxis, and parking not included in the hotel expenses above. However, the court declines to allow costs for Tandy's subsistence due to failure to document when he incurred the associated charges for meals.

The court also finds that defendant has properly documented its costs for airfare for trial witnesses Tandy, Pascarella, and Giapponi. However, because Mr. Pascarella flew first class on his return trip after trial, the court will reduce his return airfare to the cost of his other one-way flight, or $413.00. The amounts billed for the other flights are reasonable under the circumstances. See Sunstone, 646 F. Supp. 2d at 1220.

However, the court rejects defendant's request for $242.99 for Pascarella's car rental. Plaintiffs argue that "the use of a rental car for the witness' convenience during his attendance [at trial] is not within the contemplation of § 1821," see Pan American Grain Manufacturing Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 35 (D.P.R. 2000), and defendant does not dispute this proposition.

Having reduced the costs for certain requests for witnesses' hotel stays, airfare, car rental, and subsistence, the court will award witness costs for depositions and trial as follows:

| | | |
|---|---|---|
| Duarte Deposition Witness Fee[4] | $ | 40.00 |
| Duarte Deposition Mileage | $ | 84.16 |
| Giapponi Deposition Mileage | $ | 294.93 |
| Giapponi Deposition Hotel | $ | 68.00 |
| Giapponi Deposition Subsistence | $ | 8.03 |
| Taylor Witness Fee | $ | 40.00 |
| Taylor Mileage and Tolls | $ | 135.40 |
| Taylor Hotel | $ | 178.30 |
| Tandy Hotel | $ | 324.10 |
| Tandy Witness Fee | $ | 40.00 |
| Tandy Airfare | $ | 1,382.60 |
| Tandy Mileage | $ | 40.67 |
| Tandy Tolls | $ | 38.00 |
| Giapponi Hotel | $ | 316.60 |
| Giapponi Witness Fees | $ | 80.00 |
| Giapponi Airfare | $ | 1,231.36 |
| Giapponi Parking | $ | 72.00 |
| Giapponi Taxis | $ | 83.40 |
| Giapponi Mileage | $ | 44.94 |
| Strombom Witness Fee | $ | 40.00 |
| Strombom Hotel & Subsistence | $ | 229.86 |
| Pascarella Hotel & Subsistence | $ | 451.22 |
| Pascarella Witness Fees | $ | 80.00 |
| Pascarella Airfare | $ | 826.00 |
| | $ | 6,129.57 |

V. <u>Exemplification and Photocopy Costs</u>

---

[4] The expenses listed refer to trial witness expenses unless noted as deposition expenses.

Plaintiffs object to defendant's request for photocopy costs for courtesy copies of defendant's motions in limine to exclude the testimony of Thomas Lepper and Andrew Webb ($644), defendant's Reply in support of its Motion for Summary Judgment ($199), and defendant's Pretrial Statement ($133.50).[5] These copies were necessarily obtained by defendant given the court's rules requiring courtesy copies, including Local Rule 133(f). Moreover, plaintiffs have not provided any authority, and the court is unaware of any, providing that costs are not recoverable in connection with a motion where the party seeking costs was a prevailing party under Rule 54(d)(1) but did not prevail on that particular motion. Under the circumstances, the costs billed are reasonable, and the court will award $976.50 for courtesy copies.

Plaintiffs next object to defendant's request for $19,519.86 for trial exhibits, including Powerpoint graphics, computer animations, a rear suspension model, and tire cast demonstrative exhibits. Under 28 U.S.C. § 1920(4), a prevailing party may obtain costs for exemplification and copies "of any materials where the copies are necessarily obtained for use in the case." The Ninth Circuit has defined exemplification to include all types of demonstrative materials, including photographs and graphic aids, that are "necessary for an understanding of the issues and [] of material aid to the jury."

---

[5] The $644 listed in defendant's Bill of Costs is initially identified as incurred to print a courtesy copy of defendant's Motion for Summary Judgment, though the supporting documentation and the Declaration of Krista L. Lenart clarifies that these costs were incurred to print courtesy copies of defendant's motions in limine to exclude the testimony of Thomas Lepper and Andrew Webb.

15

Maxwell v. Hapag-Lloyd Aktiengesellschaft, 862 F.2d 767, 770 (9th Cir. 1988).

Here, given the highly technical nature of plaintiffs' claims and Ford's defenses, the court agrees that at least some exhibits were necessary and of material aid to the jury in understanding the issues at trial -- specifically, Robert Pascarela's rear suspension model and the tire cast demonstratives, as well as defendant's alignment computer animation.[6] However, defendant has not shown that other costs sought here were necessary for the jury's understanding, including the PowerPoint graphics and certain other items that are not sufficiently described in the Bill of Costs and supporting documentation. Accordingly, the court will award $5,931.44 in costs for the rear suspension model and tire cast demonstratives and $10,162.50 for the computer animation, for a total of $16,093.94.

Plaintiffs do not object to defendant's request for $6,845.33 in costs for trial exhibit binders, and the court finds these requested costs were actually and necessarily incurred. Accordingly, the court will award $6,845.33 in costs for trial exhibit binders.

In total, costs of 74,551.48 will be allowed for defendant and are taxed against plaintiffs Margie Daniel, Robert McCabe, Mary Hauser, Donna Glass, and Andrea Duarte, calculated as follows:

---

[6] Notably, plaintiffs used a comparable suspension model at trial, which further supports the court's conclusion that defendant's model was necessary for the jury's understanding of the issues.

16

| | | |
|---|---|---|
| Subpoenas | $ | 1,105.00 |
| Deposition and Related Costs | $ | 42,704.54 |
| Hearing Transcripts | $ | 696.60 |
| Witness Fees | $ | 6,129.57 |
| Courtesy Copies | $ | 976.50 |
| Models and Animation | $ | 16,093.94 |
| Trial Binders | $ | 6,845.33 |
| TOTAL AWARD | $ | 74,551.48 |

IT IS SO ORDERED.

Dated: April 25, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE